Filed 10/21/24

VERMONT SUPERIOR COURT
Orleans Unit
247 Main Street
Newport VT  05855
802-334-3305
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 22-CV-01922

---

**Stowe Aviation, LLC et al v. State of Vermont Agency of Commerce and Community Development**

---

## ENTRY REGARDING MOTION

| | |
|---|---|
| Title: | Motion for Interlocutory Appeal Pursuant to Appellate Rule 5(b) (Motion: 30) |
| Filer: | Michael B. Stevens |
| Filed Date: | September 20, 2024 |

The motion is DENIED.

Plaintiff seeks permission for an interlocutory appeal of a portion of a Decision granting, in part, Defendant's Motion to Dismiss the Second Amended Complaint. Both of Plaintiff's two claims, Breach of Contract (Count I), and Breach of the Covenant of Good Faith and Fair Dealing (Count II), survived the motion to dismiss, but the court granted dismissal of a portion of the Count II claim, and struck portions of the complaint to clarify that discovery on that aspect of the claim was precluded. It is this portion of the ruling on which Plaintiff seeks permission for interlocutory appeal.

Plaintiff had an airport development project under the federal EB-5 program. Defendant State of Vermont Agency of Commerce and Community Development ("ACCD") was the Regional Center for the U.S. Immigration Service charged with oversight of some of the regional EB-5 projects. In that role, ACCD entered into contracts with the owners/operators of each project.  In the ruling at issue, this court denied ACCD's motion for dismissal of the entire claim for breach of covenant of good faith and fair dealing, as there were sufficient facts alleged to survive a motion to dismiss.  However, it granted dismissal of that portion of the claim that relied on ACCD's oversight of EB-5 projects *other* than Plaintiff's--projects unrelated to the ACCD-Stowe Aviation contract--as not material to the claim for breach of the covenant of good faith and fair dealing related to the ACCD-Stowe Aviation contract.

Stowe Aviation seeks permission for interlocutory appeal pursuant to V.R.A.P. 5(b). To grant permission, the court must find that the ruling involves a controlling question of law about which there exists substantial ground for difference of opinion, and that an immediate appeal may materially advance the termination of litigation.[1] Stowe Aviation asserts three controlling questions of law in support of its motion.

---

[1] The court declines Plaintiff's request to dispense with determination of whether these requirements are met. Motion at 4–5. V.R.A.P. Rule 5(b)(1) requires findings on these criteria for an interlocutory appeal to be permitted.

Stowe Aviation frames the first "controlling question of law" as whether the Vermont Supreme Court decision remanding the case for reconsideration of Plaintiff's Rule 59(e) motion[2] established as the "law of the case" that both Counts I and II stated a cause of action. The Vermont Supreme Court did not rule that Count II stated a cause of action. It merely noted that Stowe Aviation had made new allegations of facts and circumstances in its proposed Second Amended Complaint that "may" be a proper subject of relief. Indeed, that was the case, as the Second Amended Complaint included new facts and circumstances that showed causation of injury and damages, which had both been missing from the original Amended Complaint.[3] The Supreme Court did not analyze whether specific allegations were sufficient to survive a motion to dismiss. It only allowed Rule 59(e) to be used post-dismissal to correct the pleading errors of a party, and remanded to the trial court to apply its ruling, which this court did, resulting in allowing Stowe Aviation to file the Second Amended Complaint. The "law of the case" doctrine is not applicable and does not form the basis for a controlling question of law about which there is substantial ground for difference of opinion.

The second asserted "controlling question of law" is whether the court can "purge" the pleadings of allegations in violation of the standard that all allegations and reasonable inferences must be drawn in favor of the plaintiff. First, in ruling on the Motion to Dismiss, this court accepted the truth of all allegations in the Second Amended Complaint, as well-established law requires. The Second Amended Complaint includes many, many allegations of fact. The court, accepting all of them as true, sorted out which ones were reasonably related to stating a viable cause of action for violation of the covenant of good faith and fair dealing, and which ones were not. The ruling was that the allegation that ACCD's handling of its contracts with other EB-5 projects unrelated to Stowe Aviation somehow constituted a breach of the covenant of good faith and fair dealing in the contract between ACCD and Stowe Aviation was not supported by facts sufficient to allege a cause of action. The court did not purge the pleadings of any relevant or legally sufficient allegations.

It is conceivable, theoretically, that ACCD might have taken actions in connection with one or more of its contracts with others that could have resulted in a violation of the covenant of the Stowe Aviation contract. As a matter of pleading, however, factual allegations would have to be made on the issue. As Stowe Aviation correctly argues on page 8 of its motion, the standard for review is "the *legal sufficiency of the factual allegations* set forth in the complaint." (Emphasis added.) Some factual allegations in the Second Amended Complaint allege *facts* of ACCD actions with respect to the Stowe Aviation contract sufficient to survive a motion to dismiss, but missing from the complaint are factual allegations based on contracts with other EB-5 projects that violated the covenant of good faith and fair dealing in the contract with Stowe Aviation. Rather, in the Second Amended Complaint, following a description of multiple examples of alleged ACCD wrongdoing related to other projects, without showing any factual connection to Stowe Aviation's contract, there is nothing but a general conclusory statement: "The ACCD's conduct described herein constitutes various independent breaches of the implied

---

[2] *Stowe Aviation, LLC v. Agency of Commerce and Community Development,* 2024 VT 11.

[3] The damages sought in the Second Amended Complaint are the same for both Counts I and II.

covenant of good faith and fair dealing as it relates to STOWE AVIATION and the SA MOU." Second Amended Complaint, ¶66.

The Vermont Supreme Court has consistently held that conclusory statements without facts are insufficient to survive a motion to dismiss. *Vitale v. Bellows Falls Union High School,* 2023 VT 15, ¶¶ 44, 47, 217 Vt. 611;; *Rodrigue v. Illuzzi,* 2022 VT 9, ¶ 33, 216 Vt. 308;*Colby v. Umbrella, Inc.,* 2008 VT 20, ¶ 10, 184 Vt. 1. This court does not disagree with the legal standards relied on by Stowe Aviation. The court applied those standards in its ruling. The case does not involve a controlling question of law about which there is a difference of opinion.

Stowe Aviation claims a third "controlling question of law" exists, arguing that both Counts I and II allege material ways in which the ACCD interfered with Stowe Aviation's ability to perform its contract in a meaningful and productive way. Indeed, after analyzing the factual allegations, the court ruled that Stowe Aviation had set forth sufficient facts with respect to the causes of action in both counts. With respect to Count II, the court differentiated between those factual allegations that supported a claim for violation of the covenant of good faith and fair dealing with respect to the Stowe Aviation-ACCD contract, and the broad conclusory opinion, unsupported by factual allegations (including all reasonable inferences from factual allegations), that ACCD's actions with respect to other contracts constituted a violation of the covenant of good faith and fair dealing with respect to the ACCD-Stowe Aviation contract. While Stowe Aviation claims that the court has "eviscerated" Count II, the court has actually determined that there are sufficient factual allegations to support it, although there are other allegations included in the Second Amended Complaint that are insufficient to do so. Again, Stowe Aviation correctly identifies the legal standard applicable to the motion to dismiss, but it fails to show a controlling question of law about which there can be a substantial difference of opinion. As the cases cited above demonstrate, there is no difference of opinion as to whether a broad conclusory allegation fails to allege sufficient facts to survive a motion to dismiss.

Because Stowe Aviation has not shown that there is a controlling question of law about which there exists substantial ground for difference of opinion, it is unnecessary to address the second requirement of V.R.A.P. 5(b)(1), which is whether an immediate appeal may materially advance the termination of the litigation.

For the foregoing reasons, the motion is *denied.*

Electronically signed October 21, 2024 pursuant to V.R.E.F. 9 (d).

*Mary Miles Teachout*

Mary Miles Teachout
Superior Judge (Ret.), Specially Assigned